## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Sandra S. Forquer )   ENTERED
452 E Broadway Street )   RECEIVED
Bel Air, Maryland  21014 )
       Plaintiff )   Case No  **RDB 12 CV 0969**
        )
v )
  )
DAVID SCHLEE )
MICHAEL STILLMAN )
9712 Belair Road, Suite 203 )
Nottingham, Maryland  21236 )   Trial by Jury Demanded
       Defendants )

FILED LODGED MAR 2 9 2012 AT BALTIMORE CLERK U.S. DISTRICT COURT DISTRICT OF MARYLAND DEPUTY

Judge _____

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1692 et seq., 28 U.S.C §1331, and 28 U.S.C. § 1337.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Sandra S. Forquer, a natural person, who resides in Harford County, Maryland heretofore referred to as Plaintiff.

4. The Defendant(s) in this lawsuit are David Schlee and Michael Stillman, with offices at 9712 Belair Road, Suite 203, Nottingham, Maryland 21236, heretofore referred to as Defendants. At all relevant times herein, Defendants, acted as debt collectors within the meaning of

15 U.S.C. § 1692a(6) in that they held themselves out to be collecting a debt allegedly owed to DISCOVER BANK.

## VENUE

5. The occurrences which give rise to this action, occurred in Harford County, Maryland and Plaintiff resides in Harford County, Maryland.

6. Venue is proper in the District of Maryland.

## GENERAL ALLEGATIONS

7. In April of 2010 Plaintiff received a letter from Defendants claiming to have been retained by DISCOVER BANK to collect on an alleged debt in the amount of $8,243.30.

8. In the letter Plaintiff received from Defendants in April of 2010, Defendants identified themselves as debt collectors by "mini Miranda".

9. In October of 2010 Defendant served a Writ of Summons to a third unauthorized party intended for Plaintiff indicating they had sued her in State Court claiming to be representing DISCOVER BANK for recovery of the alleged account listed above in the amount of $8,243.30 which was a false record creating a violation of FDCPA 15 U.S.C. § 1692 (e)(2).

10. On December 4, 2010 Plaintiff submitted to DISCOVER BANK and Defendants named above, a Demand to Cease and Desist Collection Activities Prior to Validation of Purported Debt.

11. Plaintiff was not made aware of the summons until late November of 2010, which was beyond the time frame in which to answer.

12.   Plaintiff was unaware and uneducated on Court Procedures and unable to afford counsel at the time of the suit.

13.   On April 1, 2011 the District Court of Maryland entered an Affidavit Judgment in favor of DISCOVER BANK in the case brought by Defendants named above in the total amount of $8,321.30.

14.   At no time did Defendants provide to Plaintiff any proof of having been "hired" by or having been given authorization to represent DISCOVER BANK on any alleged account but rather identified themselves as debt collectors.  Plaintiff has never done any type of business with or had any type of contractual obligation to Defendants.

15.   On or about July 28, 2011, defendants David Schlee and Michael Stillman, attempted to garnish wages, served on Limosine of Florida, on a judgment against Plaintiff obtained by defendants David Schlee and Michael Stillman, through means of deception on the court.

16.   On or about August 15, 2011, defendants David Schlee and Michael Stillman, attempted to garnish property, served on Bank of America, on a judgment against Plaintiff obtained by defendants David Schlee and Michael Stillman, through means of deception on the court.

## Count I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 et seq. WILLFUL NON-COMPLIANCE BY DAVID SCHLEE AND MICHAEL STILLMAN

17.   Paragraphs 1 through 16 are re-alleged as though fully set forth herein.

18.   Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3).

19.   Defendants are debt collectors within the meaning defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

20.  Plaintiff has never conducted business or had any accounts with Defendants.

21.  In April of 2010 Defendants attempted to collect an alleged debt under false, deceptive, and misleading means and stated inaccurate character, amount and status of said debt violating FDCPA 15 U.S.C. § 1692e(2).

    a.  **15 U.S.C. § 1692e states that a "false, deceptive, and misleading representation in connection with the collection of any debt", includes the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken is deceptive practice.**

22.  In October of 2010 Defendant served summons on Plaintiff to a third party not authorized to receive any documents or information for Plaintiff using an unidentified server, which led to Plaintiff not receiving service in a timely manner.

23.  On December 4, 2011 Plaintiff submitted above identified debt validation documents, via Certified Mail to DISCOVER BANK and Defendants, which were not acknowledged or adhered to.

24.  On April 01, 2011 Defendants obtained a Judgment against Plaintiff by false, deceptive and misleading means as defined by FDCPA 15 U.S.C. § 1692e(2) in the District Court of Maryland for Harford County.

25.  **THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPRESSES OR ABUSES ANY DEBTOR, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS IN CONNECTION WITH THE COLLECTION OF A DEBT.**

    a.  **The Fair Debt Collection Practices Act (FDCPA) is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties.** *See* **15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to**

be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices.

WHEREFORE, Plaintiff demands judgment against each and every Defendant for statutory damages of $1000.00 pursuant to 15 U.S.C. 1692e(2), actual damages in the amount of $8,321.30, as well as any fees and costs pursuant to this suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: March 26, 2012

Respectfully Submitted,

Sandra S. Forquer
452 East Broadway Street
Bel Air, Maryland  21014
410-638-1850
ssforquer@yahoo.com

SERVICE TO:

DAVID SCHLEE
P.O. Box 251298
West Bloomfield, MI  48325

MICHAEL STILLMAN
9712 Belair Road, Suite 203
Nottingham, Maryland  21236