FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

2012 JUN -8  PM 3: 32

CLERK'S OFFICE
AT BALTIMORE

BY_____)_____DEPUTY

| | |
|---|---|
| Sandra S. Forquer<br>452 E Broadway Street<br>Bel Air, Maryland 21014<br>    *Plaintiff,*<br><br>vs<br><br>SCHLEE & STILLMAN LAW<br>OFFICE, LLC.<br>DAVID SCHLEE<br>MICHAEL STILLMAN<br>9712 Belair Road, Suite 203<br>Nottingham, Maryland 21236<br><br>NCO FINANCIAL SYSTEMS, INC.<br>507 Prudential Road<br>Horsham, Pennsylvania 19044<br>    *Defendants.* | Case No: 1:12-CV-0969-RDB<br><br><br><br>**TRIAL BY JURY DEMANDED** |

## AMENDED COMPLAINT FOR VIOLATIONS OF THE FDCPA & MCDCA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1692 et seq., 28 U.S.C §1331, and 28 U.S.C. § 1337.

2. All conditions precedent to the bringing of this action have been performed.

### PRELIMINARY STATEMENT

3. This is an action for damages brought for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 et seq., the Maryland Fair Debt Collection Practices Act ("MFDCPA"), and the Maryland Consumer Debt Collection Act ("MCDCA").

## PARTIES

4. The Plaintiff in this lawsuit is Sandra S. Forquer, a natural person, who resides in Harford County, Maryland heretofore referred to as Plaintiff.

5. The Defendants in this lawsuit are as follows:
   a. SCHLEE & STILLMAN LAW OFFICE, LLC. ("SSLO") is a law firm with offices at 9712 Belair Road, Suite 203, Nottingham, Maryland 21236, whose business includes debt collection and litigation.
   b. DAVID SCHLEE ("SCHLEE") is an attorney and principal of SCHLEE & STILLMAN LAW OFFICE, LLC.
   c. MICHAEL STILLMAN ("STILLMAN") is an attorney and principal of SCHLEE & STILLMAN LAW OFFICE, LLC.
   d. NCO FINANCIAL SYSTEMS, INC. ("NCO") is a debt collection company with offices at 507 Prudential Road, Horsham, PA 19044.

6. At all relevant times herein, Defendants, acted as debt collectors within the meaning of 15 U.S.C. § 1692a(6) and the MCDCA § 14-201(B) in that they held themselves out to be collecting a consumer debt allegedly owed to DISCOVER BANK ("DISCOVER").

## VENUE

7. The occurrences which give rise to this action, occurred in Harford County, Maryland and Plaintiff resides in Harford County, Maryland.

8. Venue is proper in the District of Maryland.

## FACTUAL ALLEGATIONS

9. In April of 2010 Plaintiff received a letter from SSLO claiming to have been retained by DISCOVER to collect on an alleged debt in the amount of $8,243.30 and demanding payment from the Plaintiff for said alleged debt..

10. In the letter Plaintiff received from SSLO in April of 2010, Defendants identified themselves as debt collectors by inclusion of the disclosures required under 15 U.S.C. § 1692g.

11. In October of 2010 Defendant SSLO served a Writ of Summons and complaint on an unauthorized and non-related party that did not live at Plaintiff's address and Plaintiff was not aware of such.

12. Plaintiff later discovered that the Defendants claimed to be representing DISCOVER for recovery of an alleged balance due on the account stated in ¶9 in the amount of $8,243.30. The complaint indicated SSLO as counsel of record in the lawsuit, and the complaint and other related documents were signed by SCHLEE.

13. The individual who actually received the summons was a person known by the Plaintiff. Said person was NOT "an individual of suitable age and discretion residing at the Plaintiff's address" as required by law. Said person did NOT reside, nor has he EVER resided, at the Plaintiff's address. Said person was at the address only to care for pets and check on the property while the Plaintiff was out of town. Said person was never asked if he lived at Plaintiff's address.

14. Said person placed the paperwork he received on top of the refrigerator at Plaintiff's residence and did not inform Plaintiff of his receipt of said paperwork.

15. At or about the end of November the Plaintiff discovered the summons and complaint where it had been left by the person who received it.

16. On December 4, 2010 Plaintiff sent a demand to the Defendants SSLO, SCHLEE and STILLMAN to cease and desist from collection activities prior to validation of the purported debt which was sent by Certified Mail # 70102780000269463782. Said demand was received by the named Defendants on December 6, 2010 as evidenced by USPS tracking records. The date of receipt was months prior to the date Summary Judgment was issued against Plaintiff in the State Court.

17. Plaintiff <u>never received **any** response</u> to her demand for validation of the debt alleged to be owed to DISCOVER.

18. Plaintiff was unaware of and uneducated on court procedures as a least sophisticated consumer and disputed the alleged debt with not only the Defendants but also with DISCOVER.

19. Plaintiff's dispute to DISCOVER was sent via certified mail # 70102780000269463799 and was received by DISCOVER on December 8, 2010.and signed for by Andrew Pietka.

20. Plaintiff received a response from DISCOVER dated January 10, 2011 in the form of a letter and a copy of a largely illegible document with the letter stating **"We have forwarded our findings to NCO at 1-800-677-0744. <u>Please contact their office for questions or concerns regarding the account or balance.</u>"**

21. At no time did SSLO, SCHLEE OR STILLMAN indicate or divulge that they were working for or in concert with NCO in the collection efforts against the Plaintiff on the alleged DISCOVER account.

22. At no time did Defendants even so much as **attempt** to provide validation of the debt alleged to be owed by the Plaintiff even though demand had been made for such pursuant to the FDCPA.

23. On April 1, 2011 the District Court of Maryland entered an Affidavit Judgment against the Plaintiff in favor of DISCOVER in the case brought by the Defendants SSLO, SCHLEE and STILLMAN in the total amount of $8,321.30.

24. At no time did Defendants SSLO, SCHLEE OR STILLMAN provide to Plaintiff any proof of having been retained by or having been given authorization to represent DISCOVER on any alleged account but rather only identified themselves as debt collectors. Plaintiff has never done any type of business with or had any type of contractual obligation to ANY of the Defendants.

25. On or about July 28, 2011, Defendants served a garnishment notice on Limousine of Florida, in an erroneous attempt to collect on the judgment allegedly obtained against Plaintiff by DISCOVER. At no time was the Plaintiff ever employed by Limousine of Florida.

26. On or about August 15, 2011, Defendants attempted to erroneously serve a garnishment notice on Bank of America in an attempt to collect on the judgment allegedly obtained against Plaintiff by Defendants.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 et seq. BY DEFENDANTS SCHLEE & STILLMAN LAW OFFICE, LLC., DAVID SCHLEE, MICHAEL STILLMAN AND NCO FINANCIAL SYSTEMS, INC.**

27. Paragraphs 1 through 26 are re-alleged as though fully set forth herein.

28. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3).

29. Defendants are debt collectors within the meaning defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

30. Plaintiff has never conducted business with or had any accounts with any of the Defendants.

31. In April of 2010 Defendants attempted to collect an alleged debt under false, deceptive, and misleading means and stated an inaccurate amount and status of said debt violating FDCPA 15 U.S.C. § 1692e(2) and § 1692f(1).

> 15 U.S.C. § 1692e states that a "false, deceptive, and misleading representation in connection with the collection of any debt", includes the false representation of the character, <u>amount,</u> or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice.
>
> 15 U.S.C. § 1692f states "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, <u>the following conduct is a violation of this section</u>. (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

32. In October of 2010 Defendant SSLO acting as attorney for the alleged Plaintiff, DISCOVER, served a summons intended for Plaintiff to a third party not authorized to receive any documents or information for Plaintiff, which resulted in Plaintiff not receiving legal service under both state and federal law. SCHLEE signed the complaint made against the Plaintiff being directly involved in the actions against the Plaintiff. Defendant STILLMAN as a principal of SSLO knew, or should have known, that the actions being taken against the Plaintiff in the state court were improper, fraudulent, and a violation of both state and federal law and took no action to stop said actions by SSLO or SCHLEE.

33. Such actions were a deceptive means as defined in 15 U.S.C. § 1692e and constituted a lack of due process in any proceedings in the state court.

34. On December 4, 2011 Plaintiff sent the demand for validation of the alleged debt to Defendants SSLO, SCHLEE and STILLMAN which <u>were not acknowledged or responded to in any manner at any time</u> yet the Defendants continued collection efforts in violation of 15 U.S.C. § 1692g(b).

35. When Plaintiff sent a demand for Validation of the alleged debt to DISCOVER she was informed by DISCOVER in their correspondence back to her that she should contact NCO about the account and balance indicating NCO was obviously involved in the collection actions against the Plaintiff and that fact had been concealed and misrepresented by SSLO, SCHLEE and STILLMAN.

36. The actions of SSLO, SCHLEE and STILLMAN in stating they were representing DISCOVER in the action when, in fact, NCO was the entity that was actually attempting to collect the alleged debt was a misrepresentation and a BLATANT violation of 15 U.S.C. § 1692e and was fraud upon the state court as well.

37. On April 1, 2011 Defendants SSLO, SCHLEE, STILLMAN and NCO obtained a Judgment against Plaintiff by a false, deceptive and misleading means as defined by FDCPA 15 U.S.C. § 1692e(2) in the District Court of Maryland for Harford County.

38. Plaintiff was damaged in the amount of $8,321.30 as a result of the fraudulent judgment obtained through the actions of SSLO, SCHLEE, STILLMAN and NCO. The continuation of collection actions through the court, after a demand for validation of the alleged debt had been made by Plaintiff and not complied with, was a violation of 15 U.S.C. § 1692g(b).

39. FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

> The Fair Debt Collection Practices Act (FDCPA) is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices.

40. The FDCPA imposes a strict liability standard. <u>Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages</u>.

WHEREFORE, Plaintiff demands judgment for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k, actual damages in the amount of $8,321.30, any attorney's fees, and costs <u>against each and every Defendant</u>.

## COUNT II

## VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT BY DEFENDANTS SCHLEE & STILLMAN LAW OFFICE, LLC., DAVID SCHLEE, MICHAEL STILLMAN AND NCO FINANCIAL SYSTEMS, INC.

41. Paragraphs 1 through 26 are re-alleged as though fully set forth herein.

42. Defendants were attempting to collect a debt as defined in MCDCA § 14-201(c) that arose from a consumer transaction.

43. Defendant SSLO brought the action against the Plaintiff in the state court with SCHLEE directly involved by signing documents filed with the state court. Defendant STILLMAN

as a principal of SSLO knew, or should have known, that the actions being taken against the Plaintiff in the state court were improper, fraudulent, and a violation of the MCDCA and took no action to stop said actions by SSLO or SCHLEE.

44. Defendants violated MCDCA § 14-202(8) by attempting to collect an alleged debt they had no right to collect under Maryland Law.

45. The actions of the Defendants were the proximate cause of damages in the amount of the improper judgment obtained against the Plaintiff in the amount of $8,321.30 in the State Court.

WHEREFORE, Plaintiff demands judgment for actual damages of $8,321.30 pursuant to MCDCA § 14-203, any attorney's fees, and costs in addition to any other remedies at law or in equity that may be appropriate <u>against each and every Defendant</u>.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 8, 2012

Respectfully Submitted,

Sandra S. Forquer
452 East Broadway Street
Bel Air, Maryland 21014
410-638-1850
ssforquer@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent to the parties listed below by USPS First Class Mail.

DAVID SCHLEE
9712 Belair Road, Suite 203
Nottingham, Maryland  21236

MICHAEL STILLMAN
9712 Belair Road, Suite 203
Nottingham, Maryland  21236

Dated June 8, 2012

_____
Sandra S. Forquer