IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SANDRA S. FORQUER, | * | |
| Plaintiff *pro se*, | * | |
| v. | * | Civil Action No. RDB-12-969 |
| DAVID SCHLEE, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The *pro se* plaintiff Sandra S. Forquer ("Plaintiff" or "Forquer") has brought this action against Defendants David Schlee ("Schlee") and Michael Stillman ("Stillman")[1] (collectively "Defendants") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*("FDCPA"). Pending before this Court is Defendants' Motion to Dismiss with Prejudice (ECF No. 5) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response to this motion, Plaintiff sought leave to amend her Complaint (ECF No. 9). Although leave to amend has not yet been granted, Plaintiff's Amended Complaint was docketed in this case (ECF No. 11). As a result, Defendants filed an Amended Motion to Dismiss with Prejudice (ECF No. 16).

---

[1] Defendants Schlee and Stillman are attorneys in the law offices of Schlee & Stillman, LLC but contend that Plaintiff has brought this action against them individually. In the context of *pro se* litigants, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, this Court will interpret Plaintiff's claims to be alleged against Defendants Schleee & Stillman in their professional capacity as attorneys of Schlee & Stillman, LLC.

1

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Plaintiff's request for Leave to Amend (ECF No. 9) is DENIED. Defendants Schlee and Stillman's Motions to Dismiss with Prejudice (ECF Nos. 5 & 16) are GRANTED. Therefore, Plaintiff's claims under the Fair Debt Collection Practices Act against Defendants Schlee and Stillman are DISMISSED WITH PREJUDICE.

BACKGROUND

This Court accepts as true the facts alleged in the Plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle her to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

In April 2010, Forquer ("Plaintiff" or "Forquer") received a letter from Schlee & Stillman, LLC ("S&S"), whose named partners are Defendants David Schlee and Michael Stillman, indicating that the Defendants had been "retained by Discover Bank to collect on an alleged debt in the amount of $8,243.30." Pl.'s Compl. ¶ 7, ECF No. 1. According to Plaintiff, the Defendants identified themselves as debt collectors. *Id.* ¶ 8. On September 28, 2010, S&S brought an action against Plaintiff Forquer on behalf of its client Discover Bank in the District Court of Maryland for Harford County. *See Discover Bank v. Sandra S. Forquer*, Civil Case No. 0901-0006234.[2] The summons was served in October of 2010 at Forquer's

---

[2] A court may consider "matters of public record" that are appropriate for judicial notice. *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). "State court filings are matters of public record." *Waugh Chapel South, LLC v. United Food & Commercial Workers Union Local 27*, 855 F. Supp. 2d 476, 481 n. 2 (D. Md. 2012).

home but on a third party. *Id.* ¶ 9. According to Plaintiff, it was not until late November 2010 that she became aware of the pending action against her. *Id.* ¶ 11. Additionally, Plaintiff alleges that the amount sought to be recovered in this action "was a false record creating a violation of FDCPA 15 U.S.C. § 1692e(2)." *Id.* ¶ 9. Accordingly, on December 4, 2010, approximately eight months after receiving the notice of debt from Defendants,[3] Plaintiff alleges that she "submitted to Discover Bank and Defendants . . ., a Demand to Cease and Desist Collection Activities Prior to Validation of Purported Debt."[4] *Id.* ¶ 10.

Nevertheless, on April 1, 2011, the District Court of Maryland for Harford County entered a Judgment in the amount of $8,312.30 against Plaintiff in favor of Discover Bank. *Id.* ¶ 13. Plaintiff alleges that Defendants obtained this judgment "by false, deceptive and misleading means as defined by FDCPA 15 U.S.C. § 1692e(2)." *Id.* ¶ 24. Additionally, Plaintiff claims that Defendants used the judgment they allegedly obtained through deceptive means to attempt to garnish her wages from Limosine of Florida on July 28, 2011 and to attempt to garnish her property from Bank of America on August 15, 2011. *Id.* ¶ 16.[5]

As a result, Plaintiff filed the original complaint in this case on March 29, 2012. On May 4, 2012, Defendants filed their first Motion to Dismiss (ECF No. 5) for failure to state a claim. In response to this motion, Plaintiff sought leave to amend her Complaint by adding causes of actions and Defendants Schlee & Stillman Law Office, LLC and NCO Financial

---

[3] Under 15 U.S.C. § 1692g(a)(4), where there is a dispute as to the amount of the debt, an alleged debtor can submit a written request to the debt collector within thirty days of receiving the initial notice. A statement to this effect must be included in the notice of debt. 15 U.S.C. § 1692g(a).

[4] Defendants Schlee and Stillman contend that they never received this request. Defs.' Mot. to Dismiss 7, ECF No. 5.

[5] According to Defendants, they were unable to garnish wages from Limosine of Florida as they were later informed that Plaintiff was not employed by this company. Defs.' Mot to Dismiss 7. Similarly, Defendants allege that Bank of America informed them that it did not hold any of Plaintiff's property and therefore could not satisfy their garnishment request. *Id.* at 7-8.

Sustems, Inc.[6] Despite the Court having, as of yet, not ruled on Plaintiff's motion for leave to amend, Plaintiff's Amended Complaint was docketed in this case (ECF No. 11). This prompted Defendants to file an Amended Motion to Dismiss (ECF No. 16).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). In the context of *pro se* litigants, however,

---

[6] This Court notes the analysis developed below would also apply to these Defendants.

pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).

Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679; *see also O'Neil v. Ponzi*, 394 Fed. App'x. 795, 796 (2d Cir. 2010). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664. Finally, "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.' " *Weller v. Dept. of Social Servs. for City of Baltimore*, 901 F.2d 397, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert denied*, 475 U.S. 1088 (1986)).

## ANALYSIS

Defendants Schlee and Stillman contend that Plaintiff's claims under the Fair Debt Practices Act ("FDCPA") should be dismissed with prejudice because they are time-barred and Defendants did not commit any abusive or deceptive debt collection practices. Plaintiff responds that she filed this action within one year of the judgment issued against her in Harford County and that her Complaint states a claim under the FDCPA.

The Fair Debt Collection Practices Act safeguards consumers from abusive and deceptive debt collection practices by debt collectors. *Spencer v. Hendersen–Webb, Inc.,* 81 F. Supp. 2d 582, 590 (D. Md. 1999) (*citing United States v. Nat'l Fin. Servs. Inc.,* 98 F.3d 131, 135 (4th Cir. 1996)). The FDCPA covers debt collectors who "regularly collect or attempt to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another." *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995) (*quoting* 15 U.S.C. § 1692a(6)). It is well established that "the threshold requirement for application of the [FDCPA] is that prohibited practices are used in attempt to collect debt." *Mabe v. G.C. Servs. Ltd. P'ship,* 32 F.3d 86, 87–88 (4th Cir. 1994). The FDCPA prohibits "the false representation of . . . the character, amount, or legal status of any debt" and "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(2)(A); 15 U.S.C. § 1692e(10). The FDCPA is a strict liability statute and a consumer only has to prove one violation to trigger liability. *Spencer,* 81 F. Supp. 2d at 590–91.

As this Court has previously noted, "[u]nder the FDCPA there is a one-year statute of limitations: 'An action to enforce any liability created by this title may be brought . . . within one year from the date on which the violation occurs.'  15 U.S.C. § 1692k(d)." *Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F. Supp. 2d 492, 500-01 (D. Md. 2004). "Generally, the statute of limitations begins to run when a communication violating the FDCPA is sent." *Id.* at 501. "This Court, however, has applied the discovery rule in the debtor rights context and held that a FDCPA claim accrues at the time of the violation or when the plaintiff should have known of the violation." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 760 (D. Md. 2012) (citation omitted). Accordingly, a successful claim under the FDCPA must be filed within one year of the violation, 15 U.S.C. § 1692k(d), and the Complaint must allege "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart*, 859 F. Supp. at 759 (citation omitted).

In this case, according to Plaintiff's own admission, she received the notice of debt from Defendants in April of 2010. This notice contained a reference to the debt amount which she claims created a false record. On September 28, 2010, Defendants filed an action against her on behalf of their client and Plaintiff was served through a third party in October 2010. Plaintiff, however, claims that she only became aware of the action against her in late November of 2010. According to the discovery rule mentioned above, Plaintiff first became aware of the disputed debt amount in April 2010 since the letter contained the amount in question. Nevertheless, Plaintiff alleges that it was not until December 4, 2010, that she

7

requested a verification of the debt amount. Even taking Plaintiff's status as a self-represented party into consideration and making all plausible inferences in her favor, the facts remain that, at the latest, she knew or should have known of the discrepancy by late November 2010. As a result, the statute of limitations associated with her FDCPA claims began to run at the end of November 2010. Because Plaintiff filed the present action on March 29, 2012, her claims are time-barred. Therefore, Plaintiff's Fair Debt Collection Practices Act claims against Defendants Schlee and Stillman are DISMISSED WITH PREJUDICE.

While Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend "shall be freely given when justice so requires," amending the Complaint in this case would prove to be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962), (enumerating certain factors to guide federal district courts in making a determination with respect to granting leave to amend a complaint). Leave to amend should be denied only when amending the pleading would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008). This Court has recently stated that "[a] review for futility is not an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, CCB–11–0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012). At minimum, granting leave to amend is warranted when "at least some [of the requesting party's] claims are not futile." *Next Generation Grp.*, 2012 WL 37397 at *3. In this case, Plaintiff's Amended Complaint does not cure the fact that her claims are time-barred. Therefore, the amendment is futile

under Rule 15(a) of the Federal Rules of Civil Procedure and Plaintiff's request for leave to amend the Complaint is DENIED.

Alternatively, it should be noted that even if Plaintiff had filed this action within the statute of limitations period, Plaintiff's Complaint fails to sufficiently state a claim for relief under the Federal Debt Collection Practices Act.  Specifically, Plaintiff's Complaint fails to sufficiently allege that the Defendants "engaged in an act or omission prohibited by the FDCPA."  *Stewart*, 859 F. Supp. at 759.  With respect to this element, Plaintiff's Complaint only contains "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As a result, Plaintiff has failed to allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 663.  Therefore, Plaintiff's claims under the Fair Debt Collections Practices Act are DISMISSED.

## CONCLUSION

For the reasons stated above, Plaintiff's request for Leave to Amend (ECF No. 9) is DENIED.  David Schlee and Michael Stillman's Motions to Dismiss with Prejudice (ECF Nos. 5 & 16) are GRANTED.  Plaintiff's claims under the Fair Debt Collection Practices Act against Defendants Schlee and Stillman are DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated:     December 4, 2012                /s/_____
                                           Richard D. Bennett
                                           United States District Judge